ELIHU HOOPER *v.* THE UNION BANK OF LOUISIANA and another.

Where a second mortgagee, to whom the property has been mortgaged to secure him against any liability for certain endorsements made by him for the mortgagor, claims to be paid by preference over the first mortgagee out of the proceeds of the property sold under the first mortgage, but does not allege, nor prove that he has paid, or become liable to pay any of the notes endorsed by him, his petition must be dismissed.

APPEAL from the District Court of East Baton Rouge, *Johnson,* J.

Hooper v. The Union Bank of Louisiana and another.

*Brunet*, for the appellant.   A mortgage on slaves must be recorded in  every parish  into which  the mortgagor may remove his residence, with  the property.   Civ. Code,  arts. 3314, 3315, 3317, 3318, 3328, 3329.   Act of 26 March, 1813,  Bullard & Curry's Digest, 596.

*Winter*, for the defendants.

Morphy, J.   On the 3d of  June, 1835, Sarah Rhodes,  for herself and as tutrix of her children, mortgaged to the Union Bank certain slaves for $2000, which mortgage was  duly recorded in the parish of East Feliciana, where she  then resided and had her domicil.   In 1839, Sarah Rhodes  removed with the slaves mortgaged into the parish of  East Baton Rouge, where she resided from March, 1839, to January, 1840, when she moved into the parish of Livingston, resided there about one year, and then returned, with  her slaves, to the parish of East Baton Rouge, where she has had her  domicil ever since.   In April, 1840, Sarah Rhodes sold to her  son Theodore B. Rhodes,  her undivided half of the slaves  mortgaged, and of  other slaves which she held in common with her  children.   T. B. Rhodes, in March, 1840, mortgaged  the slaves to the  plaintiff, Elihu Hooper, to save him harmless, and secure him from loss on  account of his having endorsed three notes of his, for $1286 66⅔ each, payable to the order of  Sarah Rhodes, at one, two, and three years from the 10th of the same month.   This mortgage was recorded in the parish of East Baton Rouge, on the 23d of July, 1844.   The Union Bank, under a judgment obtained upon their mortgage in East Feliciana, issued an  execution  directed  to the sheriff of East Baton Rouge, who levied upon  the slaves mortgaged to that institution.   The plaintiff then  brought the  present suit, alleging  that his mortgage on  the slaves seized, though posterior in date to that of  the Bank, should have precedence over it, as the mortgage of the Bank had never  been recorded in the parish of East Baton Rouge, where the owner of the slaves resided, and where his own  mortgage was  recorded prior to the seizure of the property.   He prays that the sheriff be directed, out of the proceeds of the sale of these slaves, to retain the sum of $3859 98 ; and that such  sum, or whatever sum, if less, the slaves may bring, be held subject to his mortgage thereon, by

reason of his right of preference over the bank, &c. There was a judgment below dismissing the plaintiff's demand, and the present appeal was taken.

It is urged that the bank, by their failure to record their mortgage in East Baton Rouge, have lost their rights under it as regards the plaintiff, a subsequent mortgagee. Were it absolutely necessary to decide this case on the ground assumed, we would hesitate long ere we would declare that a creditor, whose mortgage on slaves has been once legally recorded at the time of its execution in the parish where the owner of the slaves resided, is bound to follow the mortgagor into every other parish where he may afterwards think proper to reside, and have his mortgage recorded in each parish in order to protect himself against subsequent mortgages. It seems that a mortgage when lawfully acquired becomes a vested right, which cannot be destroyed by any act of the mortgagor, or of third persons. But, be this as it may, the plaintiff has not shown himself entitled to any portion of the proceeds of the sale. His interest in the property was only a contingent one. He has not alleged, nor proved that he has paid, or become liable to pay any of the notes he endorsed; nor does it even appear that the notes which were all past due at the time of the trial below, were protested for want of payment by the maker. The plaintiff's demand was then properly rejected below.

*Judgment affirmed.*